**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

BENJAMIN LEIBELSON,

              Plaintiff,

v.                                CIVIL ACTION NO.   5:16-cv-05440

UNITED STATES OF AMERICA,

              Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1), the *United States' Motion to Dismiss* (Document 7), the *United States' Memorandum of Law in Support of Its Motion to Dismiss* (Document 8), the *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (Document 12), the *United States' Reply* (Document 10), as well as all attached exhibits.[1]   For the reasons stated herein, the Court finds that the Defendant's motion to dismiss should be granted in part and denied in part.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, Benjamin (or Paris) Leibelson, is a transgender female who was incarcerated at FCI-Beckley during February and March, 2014, then transferred to FCI-McDowell.   She was transferred from FCI-McDowell to a halfway house on June 4, 2014, and released from custody

---

1 Because the United States originally filed its motion to dismiss in the related case *Leibelson v. Samuels*, 5:15-cv-12863 (with which this action is consolidated for discovery purposes), and the Plaintiff originally responded in that case, the documents were filed out of order herein.

on August 29, 2014.   She initiated this Federal Tort Claim Act (FTCA) suit against the United

States on June 15, 2016.   Ms. Leibelson previously filed a complaint on September 1, 2015, in

Civil Action No. 5:15-cv-12863 (the *Bivens* action).   That complaint included claims against

prison officials in their individual capacities, pursuant to *Bivens v. Six Unknown Federal Agents

of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as claims against the United

States.   However, she voluntarily dismissed claims against the United States and against officials

in their official capacities in that action.   This matter stands on the same factual basis as the *Bivens*

action, and the two cases have been consolidated for discovery purposes.

The Court previously issued rulings on motions to dismiss in the *Bivens* action, and

provided a thorough summary of the factual allegations in its *Memorandum Opinion and Order*

(Document 66 in Civ. Action No. 5:15-cv-12863).   The Court incorporates that factual overview

herein, and provides a less detailed summary for clarity.

Ms. Leibelson alleges that her prison record included a history of being sexually assaulted

during her pre-trial detention.   When she returned to custody following a probation violation,

prison officials took no precautions to ensure her safety.   A group of correctional officers

subjected her to homophobic slurs and threats on multiple occasions.   She asserts that prison

officials acted in violation of the Prison Rape Elimination Act (PREA) and other regulations.   One

performed an alleged unauthorized strip search during which he "rammed his finger into Plaintiff's

anus."   (Compl. at ¶ 55.)   Officers assigned Ms. Leibelson to the Special Housing Unit on

multiple occasions, and informed her that she was being disciplined because of her sexual

orientation.   She was deprived of access to hygiene and cleaning supplies.   Other inmates

demanded sexual favors in return for allowing her into the dining area, leaving her without access

2

to food, and prison officials made no effort to remedy the situation.   The prison official responsible for the Chapel refused to allow her to attend services and events.   Ms. Leibelson filed repeated grievance forms, and alleges that officials at both FCI-Beckley and FCI-McDowell destroyed, ignored, or otherwise failed to adequately respond to her grievances.

Ms. Leibelson alleges the following claims: Count I: Rape/Sexual Assault/Sexual Battery; Count II: Battery; Count III: Assault; and Count IV: Intentional or Reckless Infliction of Emotional Distress.   In her Complaint, she seeks compensatory and punitive damages, as well as attorney fees and costs.   The United States' motion to dismiss under Rules 12(b)(1) and 12(b)(6) is fully briefed and ripe for ruling.

## STANDARD OF REVIEW

### A.   *12(b)(1) Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it.   "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint).   However, reasonable discovery may be necessary to permit the Plaintiffs to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.*

3

### B.  12(b)(6) Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Additionally, allegations "must be simple, concise, and direct."  Fed.R.Civ.P. 8(d)(1).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."  *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Iqbal,* 556 U.S. at 679.  Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).

4

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The United States urges the Court to dismiss those parts of the Plaintiff's claims that rely on PREA, arguing that PREA did not create a private cause of action.   Likewise, to the extent the Plaintiff asserted that the prison officials' behavior constitutes Constitutional violations, the United States asserts that it has not waived its sovereign immunity for such claims.   The United States further argues that the Plaintiff is not entitled to loss of consortium damages, punitive damages, or attorney fees.   The Plaintiff states that she has alleged only traditional tort claims, pursuant to the FTCA.   She argues that pleading "regulatory policies as illustrative of Defendant's lawful duties"

does not provide any basis for dismissal.   (Pl.'s Resp. at 4.)   In addition, the Plaintiff agrees, in her response, to withdraw her claims for attorneys' fees, punitive damages, and loss of consortium damages.   Given the parties' agreement, the Plaintiff's claims for attorneys' fees, punitive damages, and loss of consortium will be dismissed.

The United States does not argue that the Plaintiff has failed to adequately allege facts supporting each element of the four tort claims she asserts.   Instead, the parties debate the availability of one potential legal theory the Plaintiff may attempt to use to prove her tort claims: that officers' actions violated duties imposed by PREA and other regulations.[2]   A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the factual allegations, not the viability of legal theories set forth in the complaint.   In short, so long as the facts state a claim under *any* legal theory, the claim should not be dismissed.   *See, e.g. Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citing *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir.1988)).   A motion to dismiss is not the appropriate avenue for the parties to resolve disputes regarding appropriate legal arguments.   Accordingly, the Court denies the United States' request to "dismiss" the Plaintiff's reliance on PREA and other regulations, given that none of her claims appear to directly seek relief under those regulations.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *United States' Motion to Dismiss* (Document 7) be **GRANTED** to the extent it seeks dismissal of

---

2 The Court notes that the Plaintiff indicates that she included allegations regarding regulatory duties partially in anticipation of potential defenses not currently before the Court.

the Plaintiff's claims for punitive damages, attorneys' fees, and loss of consortium damages, and **DENIED** to the extent it seeks dismissal of any substantive count of the complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        January 24, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA